# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

_____

№ 06-CV-0826 (JFB) (ETB)
_____

EARL COX,

Plaintiff,

VERSUS

NORTH SHORE UNIVERSITY HOSPITAL,
NORTH SHORE LONG ISLAND JEWISH HEALTH SYSTEM,
ELAINE BROCH-MENZO,
DIANE KARAN,
ELLEN LORENZ,

Defendants.
_____

MEMORANDUM AND ORDER
June 19, 2006
_____

JOSEPH F. BIANCO, District Judge:

Plaintiff Earl Cox filed the instant action against defendants alleging employment discrimination under Title VII of the Civil Rights Law of 1964 ("Title VII") and the New York State Humans Rights Law ("NYSHRL"), Section 290, *et seq.* Defendants have moved to dismiss the Title VII claim against all defendants, and the NYSHRL claims as against the individual defendants in the case. For the reasons stated below, the defendants' motion to dismiss the Title VII claims is granted. Since the remaining claims all arise under New York state law, the Court exercises its discretion under 28 U.S.C. § 1367(c)(3) to remand the instant action to Supreme Court for New York State, Nassau County.

I. BACKGROUND

Plaintiff, a Black Jewish male of Jamaican descent, was formerly employed as a Patient Care Associate at defendant North Shore University Hospital, which is owned and operated by defendant North Shore Long Island Jewish Health System (hereinafter referred to collectively as "North Shore"). (Compl. ¶¶ 4, 6.) Plaintiff alleges that during his period of employment, he was subjected to hostile treatment because of his race, religious

beliefs, national origin, and opposition to discriminatory policies. (Compl. ¶¶ 10-33.) Further, plaintiff alleges that he was terminated, on or about May 2, 2005, based on his religion and in retaliation to his opposition to discriminatory policies. (Compl. ¶¶ 34-38.)

Based on the alleged discriminatory practices, plaintiff filed a formal administrative complaint with the Equal Employment Opportunity Commission ("EEOC"). (Compl. ¶ 2.) The EEOC subsequently issued a Dismissal and Notice of Rights letter (colloquially known as a "right-to-sue letter") on September 23, 2005. (Compl. ¶ 2; Compl. Ex. A.)

On December 29, 2005, plaintiff filed suit in New York Supreme Court, Nassau County, alleging violations of Title VII and the NYSHRL against North Shore and three individual supervisors at North Shore's Manhasset facility. Based on the fact that the complaint alleged a violation of a federal cause of action under Title VII, the case was removed to this Court on February 24, 2006.

Defendants now move to dismiss plaintiff's claim under Title VII in its entirety, and plaintiff's claims under the NYSHRL against the individual defendants, pursuant to Fed. R. Civ. P. 12(b)(6).

II. DISCUSSION

Defendants seek dismissal of plaintiff's Title VII claim. Plaintiff did not oppose the motion to dismiss on this claim, and conceded that he was abandoning it. (*See* Pl.'s Mem. at 1.) Accordingly, the Court dismisses plaintiff's Title VII claim.[1]

Consequently, since the only claim upon which this Court's original subject-matter jurisdiction has been dismissed, the Court must proceed to determine whether it should continue to exercise supplemental jurisdiction over the plaintiff's state law claims under the NYSHRL. Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over state claims where "the district court has dismissed all claims over which it has original jurisdiction." *See Arthur Glick Truck Sales, Inc. v. H.O. Penn Machinery Co.,* 332 F. Supp. 2d 584, 586 (S.D.N.Y. 2004) (holding that plaintiff's voluntary dismissal of single federal claim warranted remand to state court for lack of supplemental jurisdiction over the remaining state-law claims); *see also Igolnikov v. Mallah Org., Inc.,* No. 92-CV-7199 (SS), 1993 WL

---

[1] Even if plaintiff had not explicitly abandoned his Title VII claim, the Court would have been compelled to dismiss it as untimely because plaintiff did not file his suit within ninety days of his receipt of the EEOC right-to-sue letter. *See* 42 U.S.C. § 2000e-5(f)(1); *Cornwell v. Robinson*, 23 F.3d 694, 706 (2d Cir. 1994) ("A Title VII complaint may file suit in federal court only if she has filed a timely complaint with EEOC and obtained a right-to-sue letter. Such suit must be commenced not more than 90 days after receipt of the right-to-sue letter.") (internal citations omitted); *see, e.g., Ford v. Consol. Edison Co. of N.Y., Inc.,* No. 03-CV-9587 (PAC), 2006 WL 538116, at *6-*7 (S.D.N.Y. Mar. 3, 2006) (dismissing Title VII claim as time barred where lawsuit was filed 92 days after plaintiff's attorney received right-to-sue letter); *Manley v. N.Y. City Police Dep't*, No. 05-CV-679 (FB), 2005 WL 2664220, at *5 (E.D.N.Y. Oct. 19, 2005) (dismissing Title VII claim as time barred where lawsuit was filed 91 days after receipt of right-to-sue letter).

227769, at *4 (S.D.N.Y. June 22, 1993) (declining to exercise supplemental jurisdiction over remaining state law claims once Title VII claims were dismissed on summary judgment). Although implementation of § 1367(c)(3) is permissive, not mandatory, the Second Circuit has made it plain that the Court's discretion "is not boundless." *Valencia v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003). "'Pendent jurisdiction is a doctrine of discretion, not of plaintiff's right. Its justification lies in considerations of judicial economy, convenience, and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims.'" *Castellano v. Bd. of Trustees of Police Officers' Variable Supplements Fund*, 937 F.2d 752, 758 (2d Cir. 1991) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)). Here, defendants petition the Court to exercise its discretion to retain supplemental jurisdiction over the state claims because they claim that there is a strong federal interest in doing so and that it would be a waste of judicial resources to remand this case back to state court after this Court devotes resources to resolving the instant motion to dismiss. Plaintiff does not object to this request.

The Court declines to exercise supplemental jurisdiction over the state law claims in this case. The only remaining claims in this case involve interpretation of state law, and principles of federalism and comity counsel in favor of leaving these questions for decision by the state courts. *See Valencia*, 316 F.3d at 306; *see also Hernandez v. Lutheran Med. Ctr.*, No. 01-CV-6730 (JG), 2002 WL 31102638, at *2 (E.D.N.Y. Sept. 11, 2002).[2] Next, the Court rejects defendants' contention that remanding this case would constitute a waste of judicial resources. This case is in its infancy–discovery has not yet begun–which counsels the Court to decline supplemental jurisdiction and allow the state court to adjudicate the state law questions present in this case. *Valencia*, 316 F.3d at 302 ("In the usual case in which all federal-law claims are eliminated before trial, the balance of factors

---

[2] The Court rejects defendants' assertion that more prominent federal interests exist in this case which support the retention of jurisdiction. First, defendants argue that the instant case has a strong federal character because plaintiff initially availed himself of process before a federal entity, the EEOC. Although this may be true, the court system which plaintiff initially chose was the state system, which is entitled to some consideration. *See Hernandez*, 2002 WL 31102638, at *2. Moreover, regardless of prior interaction with the EEOC, the lawsuit no longer contains the Title VII claim which was the subject of the process with the EEOC. Second, defendants argue that there is an overriding federal interest because the North Shore defendants are entities involved in interstate commerce, with activities in both Suffolk and Nassau counties, both of which are encompassed by the Eastern District of New York. The Court finds that the fact that defendants are corporations involved in interstate commerce does not make this case particularly unique or give it federal character in the absence of a single claim under federal law. Finally, defendants argue that this Court should retain jurisdiction because the law of discrimination is similar under both Title VII and the NYSHRL. Although this may be true to some extent, *see Cruz v. Coach Stores, Inc.,* 202 F.3d 560, 566 (2d Cir. 2000), the Court notes that the issues presented by the individual defendants' motion to dismiss plaintiff's NYSHRL claims involve state court precedent interpreting the NYSHRL, not Title VII. (*See* Pl.'s Mem. at 5-8.)

3

to be considered under the pendent jurisdiction doctrine–judicial economy, convenience, fairness, and comity–will point toward declining to exercise jurisdiction over the remaining state-law claims."); *Marcus v. AT&T Corp.,* 138 F.3d 46, 57 (2d Cir. 1998) ("In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well."). Contrary to the assertion of defendants, the time and resources devoted by this Court on the instant motion to dismiss do not overcome the overriding state interests in adjudicating this case that now solely arises under state law.[3]

In the interests of comity and efficiency, the Court remands the case to state court, notwithstanding the agreement of the parties that this Court could continue to exercise jurisdiction.[4]

### III. CONCLUSION

For the reasons stated above, the Court grants defendants' motion to dismiss plaintiff's Title VII claim. The Court does not reach defendants' motion to dismiss plaintiff's claims under the NYSHRL as against the individual defendants in this case because it determines in its discretion that it should no longer exercise supplemental jurisdiction over those claims, pursuant to 28 U.S.C.

---

[3] Courts which have continued to exercise supplemental jurisdiction over cases in which all federal claims have been dismissed usually invoke efficiency as a reason in circumstances in which they have devoted far more time and resources than in the instant case. *See, e.g., Nowak v. Ironworker Local 6 Pension Fund*, 81 F.3d 1182, 1191-92 (2d Cir. 1996) (finding no abuse of discretion in district court's exercise of supplemental jurisdiction where dismissal of federal claim had occurred nine days before start of trial); *Raucci v. Town of Rotterdam*, 902 F.2d 1050, 1055 (2d Cir. 1990) (finding no abuse of discretion in district court's exercise of supplemental jurisdiction where court had already decided three dispositive motions, discovery had closed, case was trial-ready and state-law claims involved only settled principles). Courts often refuse to exercise supplemental jurisdiction after all federal claims have been dismissed at more advanced stages of litigation than the instant case, such as after the resolution of summary judgment motions. *See, e.g., Grunberg v. Bd. of Educ. for the City Sch. Dist. of the City of N.Y.*, No. 00-CV-4124 (DGT), 2006 WL 845389, at *10 (E.D.N.Y. Mar. 30, 2006) (refusing to exercise supplemental jurisdiction over state law claims after federal law claims were dismissed on summary judgment); *see also Igolnikov*, 1993 WL 227769, at *4 (same). Here, the Court has merely acknowledged the fact that plaintiff voluntarily dismissed his Title VII claim and only expended limited resources considering its exercise of discretion regarding the instant jurisdictional issue. The adjudication of the instant motion did not require any detailed inquiry into the facts alleged in the complaint.

[4] The fact that parties may agree to the continued exercise of supplemental jurisdiction does not require a district court to do so once all federal claims have been dismissed. *See, e.g., Seabrook v. Jacobson*, 153 F.3d 70, 73 (2d Cir. 1998) (concluding that the district court abused its discretion in exercising supplemental jurisdiction over state law claim, notwithstanding the fact that the parties agreed to continued jurisdiction after all the federal claims in the case were dismissed). It would be particularly inappropriate to accord weight to the agreement of the parties here, where the Court is in an early stage of the litigation, because otherwise parties could circumvent the well-settled rule that "parties may not confer subject matter jurisdiction on the court by consent" by merely alleging a meritless federal claim to first obtain subject matter jurisdiction, and then voluntarily dismissing the meritless claim which was the original source of subject matter jurisdiction. *See United States v. 27.09 Acres of Land*, 1 F.3d 107, 111 (2d Cir. 1993).

§ 1367(c)(3). Accordingly, the case is remanded to Supreme Court for New York State, Nassau County. The Clerk of the Court shall close this case.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: June 19, 2006
Central Islip, New York

* * *

The attorneys for the plaintiff are Rick Ostrove, Esq., and Thomas Ricotta, Esq., of Leeds, Morelli & Brown, P.C., One Old Country Road, Suite 347, Carle Place, New York 11514. The attorneys for the defendants are Michael J. Volpe, Esq., and Daniel C. Moreland, Esq., of Clifton, Budd & DeMaria, LLP, 420 Lexington Avenue, Suite 420, New York, New York 10170.